IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
MAY -1 PM 12: 52
N.D. OF ALABAMA

| | |
|---|---|
| LARRY KNOX, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV 99-AR-3225-M |
| ) | |
| SHERIFF TED SEXTON, JAMES TAGGART, ) | |
| and DR. JOSEPH FRITZ, ) | |
| ) | |
| Defendants. ) | |

ENTERED
MAY - 1 2001

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on April 11, 2001, recommending that the defendants' motion for summary judgment be granted and this cause be dismissed with prejudice. Plaintiff filed objections on April 26, 2001.

Plaintiff objects to the findings of the magistrate judge that the defendants were not deliberately indifferent to his medical needs. Plaintiff maintains that the magistrate judge distorted and twisted his words in a campaign to discredit his cause. Plaintiff reiterates his claims that Dr. Fritz was deliberately indifferent to his serious medical needs because Dr. Fritz was not a eye specialist and did not refer him to a specialist. "Medical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Harris v. Thigpen,* 941 F.2d 1495, 1505 (11th Cir. 1991), quoting *Rogers v. Evans,* 792 F.2d 1052, 1058 (11th Cir. 1986). The conduct of prison officials must run counter to evolving standards of decency or involve the unnecessary and wanton infliction of pain to be actionable under § 1983. *Bass v. Sullivan*, 550 F.2d 229 (5th Cir.), *cert. denied*, 434

U.S. 864 (1977). Mere negligence is insufficient to support a constitutional claim. *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979). As stated by the *Estelle* Court, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." 429 U.S. at 106. Therefore, an accidental or inadvertent failure to provide medical care or negligent diagnosis or treatment of a medical condition does not constitute a wrong under the Eighth Amendment. *See Ramos v. Lamm*, 639 F.2d 559, 574 (10th Cir. 1980), *cert. denied*, 450 U.S. 1041 (1981). Neither will a mere difference of opinion between an inmate and the institution's medical staff, as to treatment and diagnosis, alone give rise to a cause of action under the Eighth Amendment. *Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976); *see also Estelle v. Gamble*, 429 U.S. at 106-08. Plaintiff's complaint does not rise to the level of a constitutional violation.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by the plaintiff, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and his recommendation is ACCEPTED. The Court EXPRESSLY FINDS that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law. Accordingly, defendants' motion for summary judgment is due to be GRANTED and this action is due to be DISMISSED WITH PREJUDICE. A Final Judgment will be entered.

DONE this the 1st day of May, 2001.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE